**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MADELINE COX ARLEO**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4903

October 21, 2005

James Kennedy # 452048
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Jeffrey Thomas #506665
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**LETTER-ORDER FILED WITH THE CLERK OF THE COURT GRANTING APPLICATION FOR PRO BONO COUNSEL UNDER 28 U.S.C. § 1915(e)(1)**

   RE: Tirone, et. al. v. O'Sullivan, et. al.
       Civ No. 03-0257 (JAG)

Dear Mr. Kennedy and Mr. Thomas:

   The Court has received your applications for pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). While civil litigants do not have a constitutional or statutory right to be represented by counsel, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see Parham v, Johnson, 126 F.3d 454, 457 (3d Cir. 1997). In deciding whether to request appointment of counsel, the court must determine whether the plaintiff is "an indigent ... with a claim of arguable merit" and who "is incapable of presenting his or her case." Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

   If the court believes the applicant's claims have potential merit, the court may then consider the following six factors:

   (1)   the plaintiff's ability to present his or her own case;
   (2)   the complexity of the legal issues;
   (3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

  (4)  the amount a case is likely to turn on credibility determinations;

  (5)  whether the case will require the testimony of expert witnesses; and

  (6)  whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-8.  This list serves merely to guide the court's discretion.  Id. at 458.  The court must also keep in mind that "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Id.

  On August 5, 2003, the Court granted your application to proceed without prepayment of fees under 28 U.S.C. § 1915.  Your Complaint alleges that, while confined at the Bergen County Jail, Defendants, individuals who are responsible for the policies and classification of inmates at the facilities, violated your Constitutional rights and 42 U.S.C. § 1983 through improper classifications and various improper treatment during detention.

  Since your claims have arguable merit, and keeping in mind the six factors as provided by Parham, the Court grants your applications for pro bono counsel.  Neither of you have the ability to present your own case and the legal issues involved, various Constitutional claims, are complex.  The fact that neither of you resides currently in the Bergen County Jail and, therefore, are unable to pursue investigation at that facility, also supports your application to have counsel assigned.  At this point, it does not appear expert witnesses will be necessary but counsel once assigned will be in a better position than yourself to make that determination.  Neither of you has the ability to afford counsel on your own behalf.  Additionally, two of the other plaintiffs, Edward Tirone and Darrly Bozeman, have been appointed pro bono counsel in this case.  The Court, therefore, **grants** your applications for pro bono counsel.

  **SO ORDERED.**

               *s/Madeline Cox Arleo*
               **MADELINE COX ARLEO**
               **United States Magistrate Judge**

cc:  Clerk
    Hon. Joseph A. Greenaway, Jr., U.S.D.J.
    File